

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 8, 1952

Hon. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. V-1500

Re: Application of Section 37 of Article 666-17, Vernon's Penal Code, to the sale of confiscated alcoholic beverages by the Texas Liquor Control Board.

Dear Mr. Stevenson:

Your request for the opinion of this office reads in part as follows:

"We desire your valued opinion on each of the following questions relating to the action of this Department in advertising for, accepting or rejecting sealed bids for the purchase of confiscated alcoholic beverages from this Department.

"(1) Whether or not this Department has the authority to reject a high bid received from a Package Store Permittee whose name is carried on the Board's Delinquent Account List at the time the bids are opened.

"(2) Whether or not the Board has the authority in advertising for the sale of confiscated alcoholic beverages, to also publish notice that bids will not be accepted from any permittee whose name appears on the Board's Delinquent Account List at the time the sealed bids are opened."

Article 666-30, Vernon's Penal Code, provides, in part, as follows:

"(a) All alcoholic beverages and the containers thereof, and any device in which the alcoholic beverage is packaged, equipment, and other property forfeited to the State, unless

otherwise herein provided, and all illicit beverages and the containers thereof, and any device in which the alcoholic beverage is packaged is forfeited to the State, shall be turned over to the Board for public or private sale in such place and manner as it may deem best; provided, that the Board shall exercise diligent effort to obtain the best available price for anything thus sold; provided, further, that any bill of sale executed by the Board or Administrator shall convey a good and valid title to the purchaser as to any such property sold. The Board shall sell alcoholic beverages only to the holders of qualified permits or licenses." (Emphasis added.)

Section 37 of Article 666-17, Vernon's Penal Code, provides:

"It shall be unlawful for any Wholesaler, Class B Wholesaler, Class A Winery or Wine Bottler to sell any alcoholic beverage, nor shall any Package Store Permittee, Wine Only Package Store Permittee, or other retailer purchase any alcoholic beverage, except for cash or on terms requiring payment by the purchaser as follows: On purchases made from the first to fifteenth day inclusive of each calendar month, payment must be made on or before the twenty-fifth day of the same calendar month; and, on purchases made from the sixteenth to the last day inclusive of each calendar month, payment must be made on or before the tenth day of the succeeding calendar month. Every delivery of alcoholic beverage must be accompanied by an invoice of sale giving the date of purchase of such alcoholic beverage. In the event any Package Store Permittee, Wine Only Package Store Permittee, or other retail dealer becomes delinquent in the payment of any account due for alcoholic beverages purchased, (that is, if he fails to make full payment on or before the date hereinbefore provided) then it shall be the duty of the Wholesaler, Class B Wholesaler, Class A Winery or Wine Bottler to report the fact immediately to the Board or Administrator in

writing. Any Package Store Permittee, Wine Only Package Store Permittee, or other retail dealer who becomes delinquent shall not be permitted to purchase alcoholic beverages from any Wholesaler, Class B Wholesaler, Class A Winery or Wine Bottler until said delinquent account is paid in full, and the delinquent account shall be cleared from the records of the Board before any Wholesaler, Class B Wholesaler, Class A Winery or Wine Bottler will be permitted to sell alcoholic beverages to him. Any Wholesaler, Class B Wholesaler, Class A Winery or Wine Bottler who accepts postdated checks, notes or memoranda or who participates in any scheme, trick or device to assist any Package Store Permittee, Wine Only Package Store Permittee or other retail dealer in the violation of this Section shall likewise be guilty of a violation of this Section. <u>The Board shall have the power and it shall be its duty to adopt rules and regulations giving full force and effect to this section.</u>" (Emphasis added.)

In <u>Texas Liquor Control Board v. Floyd</u>, 117 S.W. 2d 530 (Tex. Civ. App. 1938), the court said:

"The Texas Liquor Control Board is by virtue of the law an administrative branch of the State government, to which has been delegated, by law, certain functions, among which are determining in the first place to whom and when shall certain privileges be extended to persons to sell liquors, and second, whether or not such persons so favored have breached the conditions under which the privilege has been granted.

" . . . It has been held that the Act under consideration must be liberally construed by the courts so as to make it effective, according to the expressed and implied intention of the Legislature."

The purpose of Section 37 of Article 666-17 is discussed in Attorney General Opinion V-1126 (1950). As pointed out in that opinion, the provision is one for the purpose of maintaining the independence of the wholesale and retail levels of the liquor industry in Texas.

In order to make the provisions against affiliation between retailer and wholesaler effective, the Legislature has prohibited the extension of credit by the latter to the former beyond the time stipulated. To make the prohibition against excessive extension of credit effective, the Legislature has provided, in effect, that upon violation of the provisions, the retailer is prohibited from purchasing liquor from the wholesalers and the latter are also prohibited from selling to him. The sanction against the retailer is, in practical effect, a suspension of the privilege of purchasing liquor for resale until the account is paid and the payment reported in the due course of the operation of the reporting machinery set up by the Board under the act.

Under Article 666-30, in making provision for disposition of confiscated liquor the Board is authorized to sell such liquor, but only to "qualified" licensees and permittees. The question here is whether a retailer in such delinquency status is a "qualified" licensee or permittee at the time of the sale.

It is our opinion that only a permittee or licensee who is "qualified" to purchase liquor for resale is "qualified" to purchase confiscated liquor from the Board. There is no specific statutory definition of "qualified" permittees or licensees, and it is necessary to look to the purpose and scheme of the statute in this respect to determine who the Legislature intended should be qualified to purchase confiscated liquor. It is not reasonable to assume that one who is disqualified from purchasing liquor at wholesale generally is to be considered qualified to purchase confiscated liquor, and certainly not one whose general disqualification arises from a violation of the statute.

As a matter of fact, only a relatively few classes of permittees are expressly authorized to purchase liquor for resale to either dealers or consumers, and fewer still are authorized to purchase the finished and packaged product. See Article 666-15, Vernon's Penal Code. Therefore, a "qualified" licensee or permittee must not only hold a license which authorizes generally the purchase of the type of liquor put up for sale by the Board, but in our opinion, his privilege of purchasing liquors under such license or permit must be currently in effect.

It is our opinion that the Board, in advertising for the sale of confiscated alcoholic beverages, may state the conditions on which bids will be accepted. Since the Board must reject bids received from delinquent permittees, it may publish a notice that such bids will not be accepted.

## SUMMARY

The Liquor Control Board is not authorized to sell confiscated alcoholic beverages to retailers who are delinquent in their wholesale purchase accounts, under the provisions of Section 37 of Article 666-17, Vernon's Penal Code. The Board must reject bids by such retailers and may state such disqualification in advertising for bids on such liquor.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Ned McDaniel
State Affairs Division

Mary K. Wall
Reviewing Assistant

Charles S. Mathews
First Assistant

JD/rt/ec

By John Davenport
Assistant